UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AZARIAS HEARD**                                                               **CIVIL ACTION**

**versus**                                                                               **NO. 06-3207**

**BURL CAIN, WARDEN**                                                       **SECTION: "K" (3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Azarias Heard,[2] is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On January 11, 2002, he pled guilty to two counts of first degree murder in violation of La.Rev.Stat.Ann. § 14:30 and was sentenced on each count to a concurrent term of life imprisonment without benefit of probation, parole, or suspension of sentence.[3]

Over a year and one-half later, on July 25, 2003,[4] petitioner, through counsel, filed with the state district court an application for post-conviction relief.[5] That application was denied on September 8, 2004.[6] He next filed with the Louisiana Fourth Circuit Court of Appeal an application for supervisory writs[7] which was denied on December 2, 2004.[8] He then filed with the Louisiana Supreme Court an application for a writ of certiorari[9] which was denied on April 8, 2005.[10]

---

[2] Petitioner's federal application gives his first name as "Azarias"; however, in the state court record, he is referred to as "Azarius."

[3] State Rec., Vol. I of I, docket master; State Rec., Vol. I of I, guilty plea form.

[4] See State Rec., Vol. I of I, docket master.

[5] State Rec., Vol. I of I.

[6] State Rec., Vol. I of I, minute entry dated September 8, 2004.

[7] State Rec., Vol. I of I.

[8] State v. Heard, No. 2004-K-1766 (La. App. 4th Cir. Dec. 2, 2004) (unpublished); State Rec., Vol. I of I.

[9] State Rec., Vol. I of I.

[10] State v. Heard, 898 So.2d 1278 (La. 2005) (No. 2005-KP-0010); State Rec., Vol. I of I.

After the passage of almost another year, petitioner filed this federal application for *habeas corpus* relief on April 4, 2006.[11] In support of his application, he raises the following claims:

1. The state withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963);

2. Petitioner received ineffective assistance of counsel;

3. Petitioner was denied his right to equal protection due to discrimination in the grand jury process; and

4. Petitioner was indicted by a grand jury selected pursuant to unconstitutional statutes.

The state contends that petitioner's federal application is untimely.[12] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the

---

[11] Rec. Doc. 1.

[12] Rec. Doc. 7.

>    Constitution or laws of the United States is removed, if the
>    applicant was prevented from filing by such State action;
>       (C) the date on which the constitutional right asserted
>    was initially recognized by the Supreme Court, if the right
>    has been newly recognized by the Supreme Court and made
>    retroactively applicable to cases on collateral review; or
>       (D) the date on which the factual predicate of the
>    claim or claims presented could have been discovered
>    through the exercise of due diligence.

### § 2244(d)(1)(A)

The state argues that § 2244(d)(1)(A) is applicable in the instant case. If so, petitioner's application is indeed clearly untimely for the following reasons.

As noted, on January 11, 2002, petitioner pled guilty and was sentenced. Because he did not file a direct appeal within the five days allowed by state law, his convictions and sentences became final no later than January 18, 2002.[13] Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief

---

[13] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's convictions in 2002, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2002, January 12 was a Saturday and January 13 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.

- 4 -

commenced on that date and expired on January 20, 2003,[14] unless that deadline was extended through tolling.

   The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  However, petitioner had no such applications pending before the state courts at any point from January 18, 2002, through January 20, 2003.  Although he later filed a state post-conviction application on July 25, 2003, applications filed after the expiration of the AEDPA's one-year statute of limitations have no bearing on the timeliness of a petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

   The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d

---

[14] Because January 18, 2003, fell on a Saturday, the AEDPA's statute of limitations was extended until the end of the following Monday, January 20.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Accordingly, because petitioner is entitled to neither statutory nor equitable tolling, § 2244(d)(1)(A) would require that his federal application for *habeas corpus* relief be filed on or before January 20, 2003, in order to be timely.  In that his federal application was not filed until April 4, 2006,[15] it is therefore untimely.

28 U.S.C. § 2244(d)(1)(D)

Although petitioner makes no such argument, the Court, out of an abundance of caution, will note that arguably the statute of limitations in this case should be calculated under 28 U.S.C. § 2244(d)(1)(D).  As noted, § 2244(d)(1)(D) delays the commencement of the AEDPA's statute of limitations until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  In the instant case, petitioner asserts a claim that exculpatory documents were withheld from the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963), and the record indicates that petitioner may not have learned of the existence of those documents until his post-conviction attorney reviewed the district attorney's file.[16]

---

[15] Petitioner signed his application on April 4, 2006.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[16] This assumes, of course, that the documents were in fact withheld from trial counsel, a fact which has *not* been established.  The record reflects that when post-conviction counsel discovered the documents, he wrote to trial counsel asking if the documents had been disclosed.  There is no evidence regarding trial counsel's response to that inquiry.

However, even if those documents serve as the "factual predicate" for petitioner's Brady claim and § 2244(d)(1)(D) would be applicable, that does not necessarily aid him. As noted, under that provision, the statute of limitations runs not from when the factual predicate *was in fact discovered,* but rather from the point in time at which it *"could have been discovered through the exercise of due diligence."* 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Therefore, even if the documents on which petitioner relies could have been discovered only through a review of the district attorney's file, the Court must determine when that file *could have been obtained* through the exercise of due diligence. That answer is provided by state law.

The Louisiana Public Records Law provides that a district attorney's file is not subject to disclosure as a public record until the underlying criminal litigation is "finally adjudicated or otherwise settled." La.Rev.Stat.Ann. § 44:3(A)(1). Criminal litigation is considered 'finally adjudicated' when the conviction becomes final or when the matter is 'otherwise settled' through the entry of a dismissal or nolle prosequi. Harrison v. Norris, 569 So.2d 585, 589 (La. App. 2d Cir. 1990); see also Wallace v. Ware, 657 So.2d 734, 737 (La. App. 1st Cir. 1995) ("[A] criminal defendant cannot be denied access to his criminal files after his conviction becomes final."). The possibility that a convicted person may still seek post-conviction relief has no effect on § 3(A)(1). "Post conviction relief ... is not 'criminal litigation' within the meaning of the Public Records Act." Lemmon v. Connick, 590 So.2d 574, 575 (La. 1991) (per curiam).

As previously noted, petitioner's convictions and sentences became final no later than January 18, 2002, when he failed to file make a timely motion for appeal.[17] It was at that point that

---

[17] See *supra* note 13.

petitioner could have obtained the district attorney's file through a public records request and discovered the factual predicate of his Brady claim through due diligence.[18] However, from that point, petitioner allowed well over a year and one-half to elapse before he filed either a federal application or a state application for post-conviction relief or other collateral review. Moreover, as noted, even after petitioner's state post-conviction proceedings concluded with the denial of his Louisiana Supreme Court writ application on April 8, 2005, he waited almost another entire year before filing his federal application on April 4, 2006. Therefore, even if § 2244(d)(1)(D) is applicable, it is of no assistance to petitioner. His federal application is still untimely.[19]

---

[18] There is no indication that petitioner could not have obtained access to the district attorney's file in that manner. To the contrary, it appears that petitioner's post-conviction counsel had no trouble gaining access to the file and discovering the documents on which petitioner's Brady claim is based.

[19] Also out of an abundance of caution, the Court notes that subsections (B) and (C) of § 2244(d)(1) are clearly inapplicable.

As to subsection (B), there is no allegation whatsoever that petitioner's ability to file a post-conviction application was impeded by any action of the State.

Subsection (C), which delays the commencement of the statute of limitations where petitioner's claims involve newly recognized constitutional rights, is likewise inapplicable. This Court notes that one of petitioner's claims is founded on State v. Dilosa, 848 So.2d 546 (La. 2003), in which the Louisiana Supreme Court held that the Louisiana laws establishing a unique method for the selection of the grand jury venire and foreperson in Orleans Parish violated the prohibition against the passage of local laws concerning criminal actions set forth in La. Const. art. III, § 12(A). Because Dilosa was a decision of the *Louisiana* Supreme Court and concerned only a *state* constitutional provision, it is irrelevant to tolling under subsection (C), which delays the AEDPA's statute of limitations only where the *United States* Supreme Court has newly recognized a *federal* constitutional right. Davis v. Jones, Civil Action No. 05-5524, 2006 WL 1540114, at *2 (E.D. La. May 31, 2006) (Berrigan, J.); see also Finan v. Merritt, No. 802CV2171T30MSS, 2005 WL 3372866, at *3 (M.D. Fla. Dec. 12, 2005); Bathe v. Wallace, No. 05C541C, 2005 WL 3307505, at *3 (W.D. Wis. Dec. 5, 2005).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Azarias Heard be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of September, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**